# DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| PABLO O'NEILL,<br><br>                Plaintff,<br>v.<br><br>AVA GAIL JAGROOP BOURDON as the Personal Representative of THE ESTATE OF LEONARD CHASEN and KAREN CHASEN, individually and as beneficiary of LEONARD CHASEN FAMILY TRUST and ESTATE OF LEONARD CHASEN,<br><br>                Defendants. | 2004-CV-0088 |

TO:    Lee J. Rohn, Esq.
           Edward L. Barry, Esq.

### ORDER REGARDING PLAINTIFF'S MOTION TO STRIKE

THIS MATTER came before the Court upon Plaintiff's Motion to Strike Karen Chasen's Motion to Compel Discovery Responses From Plaintiff Pablo O'Neill (Docket No. 39). Defendant Karen Chasen filed an opposition to said motion, and Plaintiff filed a reply thereto.

Plaintiff contends that said Defendant's motion to compel Plaintiff should be stricken for failure to comply with the procedures set forth in Local Rules of Civil Procedure 37.1 and 37.2. In opposition to Plaintiff's motion to strike and in support of her

*O'Neill v. Bourdon*
2004-CV-0088
Order Regarding Plaintiff's Motion to Strike
Page 2

motion to compel, said Defendant notes her repeated requests to confer and Plaintiff's failure to confer in a timely manner.

It is true, as Plaintiff asserts, that in prior rulings the Court held that, in certain circumstances, correspondence without a follow-up telephone call was insufficient to "arrange" a conference. However, since the time those rulings were issued, the Court has amended Local Rule of Civil Procedure 37. Rule 37.1 now specifically provides:

> [T]he conference shall be completed within thirty (30) calendar days after the moving party serves a letter requesting such conference. The moving party's letter shall identify each issue and/or discovery in dispute, state briefly with respect to each the moving party's position (and provide any legal authority), and specify the terms of the discovery order to be sought.

LRCi 37.1. In addition, as amended, Rule 37.2 now reads:

> The Court will not consider any discovery motion in the absence of (1) the signed stipulation and certification required by LRCi 37.2(a), or (2) a declaration from counsel for the moving party establishing that opposing counsel:
>
> (1) failed to confer in a timely manner after receipt of a letter requesting a conference under LRCi 37.1; or
>
> (2) refused to sign the stipulation and certification required by LRCi 37.2(a).

LRCi 37.2(c).

*O'Neill v. Bourdon*
2004-CV-0088
Order Regarding Plaintiff's Motion to Strike
Page 3

The procedure outlined by the rule, as amended, indicates that a response from the party receiving the letter requesting a conference is necessary to facilitate completing the conference within the thirty (30) -day period set by the rule.

The Court finds that the correspondence sent to counsel for Plaintiff from counsel for said Defendant conforms to the requirements of LRCi 37.1 and was sufficient to trigger the thirty (30)-day period within which a conference was to have been held.  Under the provisions of the amended rule, the Court finds that the complete absence of any response from Plaintiff to the four (4) letters requesting a conference sent during a six-week period constituted a "failure to confer in a timely manner after receipt of a letter requesting a conference under LRCi 37.1."

Accordingly, it is now hereby **ORDERED** that Plaintiff's Motion to Strike Karen Chasen's Motion to Compel Discovery Responses From Plaintiff Pablo O'Neill(Docket No. 39) is **DENIED**.

ENTER:

Dated: November 10, 2008           /s/
                                   GEORGE W. CANNON, JR.
                                   U.S. MAGISTRATE JUDGE